UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES STURM, | No. 2:13-cv-2122-LKK-EFB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BRAZELTON, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He alleges that an order of restitution, imposed as part of his criminal sentence by the Siskiyou County Superior Court, must be reduced because it exceeds his ability to pay. ECF No. 1. For the reasons explained below, the petition must be dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

Section 2254(a) provides that a district judge shall entertain an application for a writ of habeas corpus only for individuals "in custody" pursuant to a state court judgment. For an individual to be "in custody" for purposes of 2254(a), he must establish two requirements.

---

[1] Petitioner has paid the filing fee.

1

*Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010).  First, the petition must be filed "in behalf of a person in custody."  *Id.*  This requirement "has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is under the conviction or sentence under attack at the time his petition is filed."  *Id.* at 978 (quotations omitted) (citing *Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005)).  Second, a petition may only be entertained where the petitioner contends "that he is 'in custody' in violation of the Constitution or other federal laws."  *Id.* at 979.  This requires "a nexus between the petitioner's claim and the unlawful nature of the custody."  *Id.* at 979-80.  A challenge to the restitution portion of a sentence, such as the one here, lacks the requisite nexus to a petitioner's custody to satisfy the second "in custody" requirement.  *Id.* at 981.  In addition to this jurisdictional defect, liability under a restitution order is not a sufficiently serious restraint on liberty to warrant habeas relief.  *Id.* at 979.

As petitioner has not satisfied the "in custody" requirement of section 2254(a), this court lacks subject matter jurisdiction and it is HEREBY RECOMMENDED THAT the petition be dismissed without leave to amend, and that the Clerk of the Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: July 28, 2014.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE